UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-14086-MOORE/MAYNARD

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**MARKYRIE MCCRAY,**

    **Defendant.**
_____/

### REPORT AND RECOMMENDATION ON DEFENDANT'S ADMISSIONS TO VIOLATION NUMBERS 1, 2 AND 3

**THIS CAUSE** having come before the Court on the pending Petition for Warrant or Summons for Offender under Supervision ("Petition") (DE 162) and this Court having convened a hearing, now recommends to the District Court as follows:

1. The Defendant appeared before this Court on December 16, 2020 for a hearing on the Petition. The hearing was convened via videoconference on the Zoom platform. At the hearing's outset, the Court advised the Defendant of his right to have the proceeding in person. The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through videoconference. Having discussed the matter with the Defendant, the Court finds that his waiver of in person appearance and consent to proceed through videoconference is knowing and voluntary. The Court also finds, pursuant to the CARES Act, H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public Emergency, that this hearing cannot be further delayed without serious harm to the interests of justice.

2. After consultation with his attorney, the Defendant announced to this Court that he wished to admit Violation Numbers 1, 2 and 3 as set forth in the Petition.

3. Defendant admitted the following violations:

**Violation Number 1**     **Violation of Mandatory Condition**, by failing to refrain from violation of the law.  On or about January 9, 2020, the defendant did commit Trafficking in cocaine, 28 grams less than 150 kilograms cocaine or mixture, contrary to Florida Statute 893.135(1)(b)(1) and Sale of cocaine, contrary to Florida Statute 893.13(1)(a)(1).

**Violation Number 2**     **Violation of Mandatory Condition**, by failing to refrain from violation of the law.  On or about January 13, 2020, the defendant did commit Sale of cocaine, contrary to Florida Statute 893.13(1)(a)(1), Possession of cocaine with intent to sell, manufacture, or deliver, contrary to Florida Statute 893.13(1)(a)(1) and Use of a two-way communication device to facilitate a felony, contrary to Florida Statute 934.215.

**Violation Number 3**     **Violation of Mandatory Condition**, by failing to refrain from violation of the law.  On or about July 7, 2020, the defendant did commit Trafficking in cocaine, 28 grams less than 150 kilograms cocaine or mixture, contrary to Florida Statute 893.135(1)(b)(1), Sale of cocaine, contrary to Florida Statute 893.13(1)(a)(1), and Possession of drug paraphernalia, contrary to Florida Statute 893.147(2).

4. The Court questioned the Defendant on the record and made certain that he understood his right to an evidentiary hearing on Violation Numbers 1, 2 and 3.  The Defendant acknowledged that he understood his rights in that regard and further understands that if his admissions are accepted, all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

5. The Government proffered a factual basis for the admissions into the record. According to the proffer, the Defendant sold crack cocaine to a confidential informant on January

9, 2020, January 13, 2020 and July 7, 2020. The DEA tested and weighed the crack cocaine involved. The weight of crack cocaine the Defendant sold on January 9, 2020 was 34.4 grams. The weight of crack cocaine the Defendant sold on January 13, 2020 was 9. 16 grams. The weight of crack cocaine the Defendant sold on July 7, 2020 was 33.64 grams. The Defendant agreed to these facts on the record. This Court finds that the facts proffered by the Government establish a sufficient basis to support Defendant's admissions to Violation Numbers 1, 2 and 3 insofar as those violations allege trafficking in cocaine, sale of cocaine and possession of cocaine with intent to sell manufacture or deliver.[1]

6. The possible maximum penalties faced by the Defendant were read into the record by the Government, and the Defendant stated that he understood those penalties.

**ACCORDINGLY**, based upon the Defendant's admissions under oath, this Court recommends to the District Court that the Defendant be found to have violated the terms and conditions of his supervised release in respect to Violation Numbers 1, 2 and 3, and that a sentencing hearing be set for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

---

[1] The Court does not find that the factual proffer establishes Defendant used a two-way communication device to facilitate a felony or possessed drug paraphernalia. The Government stated at the hearing that it was not proceeding as to those allegations.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 17th day of December, 2020.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE